JUNE 1821.

Yates
vs
Hollingsworth

YATES's Adm'rs. *vs.* HOLLINGSWORTH.

*A promise by a debtor, after his discharge under a bankrupt law, to pay a prior debt, waives the discharge, and the debt is a sufficient consideration for the promise.*

*The promise must however be express, and if a condition be annexed to it, the condition must be complied with.*

APPEAL from *Baltimore* county court. It was an action of *assumpsit,* brought by the appellee against the appellants. A verdict was taken for the plaintiff, subject to the opinion of the court, on the following facts, viz. The plaintiff in July 1803, lent to *Yates,* the defendant's intestate, $1000, and *Yates,* soon after, in the course of the same year, became bankrupt, and was discharged under the statute of bankruptcy of the *United States,* and in pursuance of that statute, transferred his property to assignees regularly appointed according to its provisions. No dividend was ever made by said assignees among the creditors of *Yates.* Some time in the year 1815, *Yates* entered into partnership, as an auctioneer, with *Hall Harrison,* and the plaintiff became indebted to *Yates* and *Harrison* in the sum of $28 15, for commissions on sales at auction; and when the plaintiff was called upon for payment of said debt, he replied, he supposed *Yates* would have charged himself with it, in part payment of the aforesaid money lent by him to *Yates,* and that he would call on *Yates* on the subject. The plaintiff did soon after call, and told *Yates* he was surprised he had not settled the above debt of $28 15, by charging himself with it; *Yates* replied, that the plaintiff's claim on him had nothing to do with the business of himself and *Harrison.* The plaintiff, however, persisted in his claim, and urged his debt against *Yates* as a debt of honour, it being for money lent from motives of friendship merely, and ought to be paid. *Yates* replied, that he had transferred property to his assignees sufficient to pay this and his other debts. The plaintiff insisted that his debt ought not to be put on that footing, that it ought to be paid by *Yates,* and that he would not battle it with his assignees. He also observed, that he expected, in consequence of the dissolution of the copartnership between *Thomas* and *Samuel Hollingsworth,* they would have a good deal of business for an auctioneer, and that he had always employed him, *Yates,* as an auctioneer, and was desirous still to do so, but that he should not do so unless *Yates* would consent that the commissions should be applied in payment of this debt. *Yates* said, he thought it hard that his services should be thus applied, when he had assigned sufficient property for the payment of all his debts.

The plaintiff replied he had nothing to do with that, that his debt did not originate in the course of business, but was merely a loan to accommodate *Yates*, who then said that his partner's half of the commissions alluded to must be paid, but that his own half should be applied to the payment of the debt he owed the plaintiff; and at the same time directed the above sum of $28 15, due from the plaintiff to him and *Harrison*, to be charged to himself, and applied in part to the discharge of the plaintiff's debt, which was accordingly done at the time, to wit, in July 1815.

On these facts the county court gave judgment for the plaintiff, and the defendants appealed to this court.

The case was argued before Buchanan, Earle, Johnson, Martin, and Dorsey, J.

*Pinkney*, and *Williams*, (Assistant Attorney-General,) relied on the *thirty-fourth* section of the "Act to establish an uniform system of bankruptcy throughout the *United States*." (3 *Vol.* of the Laws of the *U. States*, 382.) *Cole vs. Saxby*, 3 *Esp. Rep.* 159. *Lynbuy vs. Weightman*, 5 *Esp. Rep.* 198. *Besford vs. Saunders*, 2 *H. Blk. Rep.* 116. *Scouton vs. Eislord*, 7 *Johns. Rep.* 36. *Davies vs. Smith*, 4 *Esp. Rep.* 36. *Clementson vs. Williams*, 8 *Cranch*, 72. *Thrupp vs. Fielder*, 2 *Esp. Rep.* 628. 1 *Com. on Cont.* 163. *Rowcroft vs. Lomas;* and 4 *Maule & Selw.* 457.

*Winder*, for the appellee.

Earle, J. delivered the opinion of the court. A promise to pay after bankruptcy, waives the discharge, and the prior debt is a sufficient consideration for the new promise. But the new promise thus made, to charge the party, must be an express promise, and must be absolute and unconditional. If there is any thing like a condition in the promise, it must be removed by testimony, and placed on the footing of an absolute undertaking, to entitle the plaintiff to a recovery. As if the bankrupt should say, that he would pay when he was able, the plaintiff must shew an ability to pay.

Taking these principles of law for our guide, the court are of opinion, that the promise imputed to the appellant's intestate, the bankrupt in this case, was substantially nothing more than a conditional assumpsit, and no steps having been taken to place it upon the footing of an absolute

JUNE 1821.

engagement, the court think the judgment of the county court ought to be reversed:

*Yates* being much urged said, that his partner's half of commissions to become due from the appellee for proceeds received at auction, must be paid to him, but that his own half should be applied to the payment of the old debt, and he directed a small balance, then due from the appellee to the partners, to be charged to himself, which was accordingly done. But the application of *Yates's* half of the commissions to the payment of the former debt due by him to *Hollingsworth*, was to be made upon the condition that *Hollingsworth* furnished the partners with auction business; which it does not appear he did furnish. Had commissions arose and become due from *Hollingsworth*, to the extent of the former debt, *Yates* would have been obliged, by his promise, to have applied them, and if he had refused or neglected so to do, the appellee would have had his remedy.

The judgment must be reversed.

JUDGMENT REVERSED.